UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SANJA DRINKS-BRUDER,

       Plaintiff,

  v.                            22-CV-268-LJV
                                  DECISION & ORDER

NIAGARA FALLS POLICE CLUB,

       Defendants.

---

On April 6, 2022, the *pro se* plaintiff, Sanja Drinks-Bruder, commenced this action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL").  Docket Item 1.  She alleges that the defendants, the Niagara Falls Police Club, Inc. (the "Police Club"), and several Police Club officials, discriminated against her because of her race.

On August 2, 2022, the defendants moved to dismiss the complaint.  Docket Item 23.  After the parties briefed the motion, Docket Items 28-29, this Court issued a decision and order (the "D&O"), Docket Item 31, granting it in part and denying it in part.  More specifically, this Court dismissed (1) the Title VII claims against the individual defendants, *id.* at 14; (2) the Title VII claims based on (a) the Police Club's approval of a New York Civil Service Law § 72 ("section 72") evaluation of Drinks-Bruder requested by her employer, (b) the Police Club's failure to provide advance notice of the section 72 proceeding, (c) defendant Lee's statement that neither he nor the Police Club knew about the section 72 proceeding, and (d) the Police Club's failure to represent Drinks-Bruder in connection with a conflict between her and a co-worker, *id.* at 14-18; and (3) the NYSHRL claims based on the Police Club's failure to represent Drinks-Bruder in

connection with both the section 72 proceeding and the conflict with her co-worker, *id.* at 32-34.  The Court granted Drinks-Bruder leave to amend the following claims, which it found were subject to dismissal: (1) the Title VII claim based on the improper payment of Drinks-Bruder's vacation time, *id.* at 18-19, 28-29; (2) the Title VII claim based on the Police Club's failure to represent Drinks-Bruder in connection with the section 72 proceeding, *id.* at 19-27; and (3) the NYSHRL claim based on the improper payment of Drinks-Bruder's vacation time, *id.* at 35-36.  Finally, the Court found that Drinks-Bruder stated a Title VII retaliation claim against the Police Club based on the alleged termination of her representation for the section 72 proceeding and denied the defendants' motion to dismiss that claim.  *Id.* at 28-31.

On April 7, 2023, Drinks-Bruder filed a document titled "amendment."  Docket Item 32 at 1 (capitalization omitted).  But that filing appears to be a motion for reconsideration rather than an amended complaint, *see generally* Docket Item 32, and this Court construes it as such.  For the following reasons, Drinks-Bruder's motion for reconsideration is denied.

## **LEGAL PRINCIPLES**

"As explained by the Second Circuit, 'the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  *Kharshiladze v. Philips*, 2021 WL 1525869, at *1 (W.D.N.Y. Apr. 19, 2021) (alterations omitted) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  "The major grounds justifying reconsideration are an intervening change of

2

controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Id.* (quoting *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Id.* (quoting *Boyde v. Osborne*, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013)).

## DISCUSSION[1]

In her motion for reconsideration, Drinks-Bruder argues "that no claims should be dismissed with or without prejudice and [that they] should all proceed." Docket Item 32 at 1. This Court disagrees.

To start, Drinks-Bruder does not make new factual allegations to support her claims. Instead, she merely reiterates the crux of her allegations: that the Police Club failed to represent her and discriminated against her based on her race. *Id.* at 4-10; *see id.* at 12 (alleging that the defendants failed to represent, discriminated against, and retaliated against Drinks-Bruder because she is "a [B]lack female"). As with her past filings, Drinks-Bruder provides no specific facts to support her conclusory assertions. Likewise, while Drinks-Bruder says that she "tried to exhaust [her] administrative remedies"—presumably regarding the Title VII claim related to improper payment of her vacation time, *see* Docket Item 31 at 18-19—she does not back that up with anything specific or explain *how* she tried to exhaust them, Docket Item 32 at 11 (alleging that

---

[1] This Court assumes familiarity with the underlying facts and procedural background as set forth in the D&O, Docket Item 31 at 2-11.

the New York Public Employment Relations Board "did not allow [Drinks-Bruder] to exhaust [her] administrative remedies because [it] denied [her] due process on many cases in 2020, 2021[,] and prior").

Drinks-Bruder does refer to two specific documents that she filed in response to the defendants' motion to dismiss: an excerpt from the Police Club's collective bargaining agreement and a grievance she submitted. *Id.* at 2 (referring to Docket Item 28 at 23-27 as evidence that the Police Club "refused to give [Drinks-Bruder] representation"). But the Court already has considered those documents. It is true that the D&O did not cite the pages to which Drinks-Bruder refers, but that is because this Court did not believe it necessary to explicitly address those documents to decide the defendants' motion to dismiss. In other words, the Court did not "overlook[]" those documents in reaching the conclusions in the D&O. *See Kharshiladze*, 2021 WL 1525869, at *1.

Drinks-Bruder also relies on the continuing violation doctrine to support the timeliness of her claims and argues that the defendants' conduct was part of "a pattern of severe and pervasive discrimination." Docket Item 32 at 3, 7. But again, the Court already considered that argument, and Drinks-Bruder provides no facts making her assertion any more plausible than it was when the Court issued the D&O. *Id.* Nor does she provide any other reason for this Court to reconsider its analysis of the continuing violation doctrine. *See generally* Docket Item 32.

Drinks-Bruder also takes issue with this Court's order vacating the default entered against the defendants. *Id.* at 11 ("[The default] was not granted by the judge because he said he could not get involved as to if the summons and complaint [were]

4

delivered or not even though the judge had proof from Niagara County's Sheriff process server that proves . . . [that] Michael Lee . . . did take the summons and complaint for [the Police Club]."); *see* Docket Item 17.  Again, however, she provides no reason for this Court to reconsider its order vacating the default for the reasons stated.

Finally, Drinks-Bruder asks this Court to hear oral argument "[i]f there is any confusion" regarding her claims.  Docket Item 32 at 12.  She also implies that if this Court does not revive her claims or hold oral argument, she will file a motion for recusal. *Id.* ("Anything less could easily be seen as a bias[ed] decision . . .").  But whether to conduct oral argument is within the Court's discretion, and this Court harbors no bias for or against anyone involved in this lawsuit.

In sum, Drinks-Bruder provides no reason for this Court to reconsider its D&O or its order vacating the default against the defendants.  She points to no intervening change of law, no new evidence, and no clear error or manifest injustice—even if she may disagree with the last point.  *See Kharshiladze*, 2021 WL 1525869, at *1.  Rather, she makes "repetitive arguments on issues that have been considered fully by the court."  *See id.*  Because she has not met the "strict" standard for reconsideration, *see id.*, Drinks-Bruder's motion is denied.

## CONCLUSION

For the reasons stated above, Drinks-Bruder's motion for reconsideration, Docket Item 32, is DENIED.

SO ORDERED.

Dated: April 25, 2023
        Buffalo, New York

                                                ***/s/ Lawrence J. Vilardo***
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE