UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SANJA DRINKS-BRUDER,

        Plaintiff,

  v.

NIAGARA FALLS POLICE CLUB, *et al.*,

        Defendants.

22-CV-268-LJV
ORDER

---

On April 6, 2022, the *pro se* plaintiff, Sanja Drinks-Bruder, commenced this action asserting that the defendants—the Niagara Falls Police Club, Inc., and several of its officials—discriminated and retaliated against her. Docket Item 1. On February 16, 2023, this Court issued an order allowing one of Drinks-Bruder's claims to proceed, dismissing other claims, finding that her remaining claims were subject to dismissal, and granting her leave to amend her complaint. Docket Item 31 (the "February 16 order"). Drinks-Bruder then moved for reconsideration of that decision, Docket Item 32, and this Court denied that motion on April 25, 2023, Docket Item 34 (the "April 25 order"). Now, Drinks-Bruder has moved for an extension of time to appeal the April 25 order, Docket Item 42, and she has filed a document that this Court construes as a motion for its recusal, Docket Item 47. For the reasons that follow, Drinks-Bruder's motion for recusal is denied, but her motion for an extension of time to appeal is granted.

**DISCUSSION**

I.  **MOTION FOR RECUSAL**

As a threshold matter, the Court addresses Drinks-Bruder's request that it be "removed from [this] case." Docket Item 47. A judge shall recuse himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), as well as in any proceeding "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," *id.* § 455(b)(1); *see* Docket Item 31 at 12 (articulating the standard for recusal and denying Drinks-Bruder's first motion for recusal, Docket Item 18).

Drinks-Bruder complains that her case has not progressed quickly enough. Docket Item 47 at 3. But "[d]elays in entering judgment or rendering a decision are not bases for recusal." *Qualls v. United States*, 2018 WL 1513625, at *2 (E.D.N.Y. Mar. 27, 2018); *see United States v. LaMorte*, 940 F. Supp. 572, 577 (S.D.N.Y. 1996) (45-month delay in resolving motion did not warrant recusal), *aff'd*, 112 F.3d 506 (2d Cir. 1997). Drinks-Bruder provides no other reason why this Court might be biased or why its impartiality might reasonably be questioned. *See generally* Docket Item 47 (complaining to the Chief Judge of the Western District of New York about this Court's handling of the case and asserting "bias" but providing no reason for that assertion). Moreover, and as it has said before, this Court has no bias toward or against any party in this case and knows no reason why its impartiality might be questioned. *See* Docket Item 31 at 12.

Drinks-Bruder's motion for recusal, Docket Item 47, therefore is denied.

## II.  MOTION FOR EXTENSION OF TIME TO APPEAL

As noted above, this Court previously dismissed some of Drinks-Bruder's claims and found that several others were subject to dismissal.  Docket Item 31.  On April 25, 2023, it denied Drinks-Bruder's motion for reconsideration of that decision.  Docket Item 34.  Thirty days later, on May 25, 2023, Drinks-Bruder moved for an extension of time to appeal the April 25 order.  Docket Item 42.

Generally, a notice of appeal "must be filed . . . within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  But a district court "may extend the time to file a notice of appeal if: (i) [the appealing] party so moves no later than 30 days after the time prescribed by . . . Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause" for her failure to timely appeal.  Fed. R. App. P. 4(a)(5)(A).  "The 'good cause' standard applies when the need for an extension arises from factors outside the control of the movant; the 'excusable neglect' standard applies when the need for an extension results from factors within the movant's control."  *Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021).  Courts consider four factors when evaluating whether a movant has shown excusable neglect:

> [1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (alterations in original).

Here, Drinks-Bruder's motion for an extension of time to appeal was timely:  She had 60 days after the April 25 order was issued to move for an extension of time to

appeal that order, and she filed her motion within that period. *See* Docket Items 34, 42. So the Court may grant her motion if she has shown excusable neglect or good cause.

Drinks-Bruder explains that she did not file a timely notice of appeal because "[d]ocuments mailed to the court ha[d] not yet . . . been received that were part of leave to amend granted on February 16, 2023 [sic]." Docket Item 42. The Court believes that Drinks-Bruder is referring to an "addendum" to her complaint, Docket Item 43, that she intended to file as a response to the February 16 order. It seems that the first time Drinks-Bruder tried to file the addendum, it was lost in the mail. *See* Docket Item 47 at 2. Drinks-Bruder re-mailed the addendum and the Court received it the same day as it received the motion for an extension of time to appeal. Docket Items 42-43.

The Court has reviewed the addendum, which seems to present additional argument for reconsideration of the February 16 order, and does not see why the Court's receipt of the addendum affected Drinks-Bruder's ability to timely appeal the April 25 order. Drinks-Bruder's failure to timely appeal therefore resulted from factors within her control, and she must establish excusable neglect for that failure.

Considering the factors set forth above, the Court finds that Drinks-Bruder has demonstrated excusable neglect. First, the defendants are not likely to be prejudiced by any appeal of the April 25 order because a delay in the proceedings in this Court will disadvantage only Drinks-Bruder, the party seeking relief. The impact of the delay weighs in Drinks-Bruder's favor for the same reason. Finally, the Court finds that while Drinks-Bruder's failure to timely appeal was within her control, her request for an extension was made in good faith: Her motion evinces confusion about the appeals

4

process and timeline.  Indeed, had Drinks-Bruder filed a notice of appeal on the same day that she moved for an extension, that notice would have been timely.

In sum, Drinks-Bruder timely moved for an extension of time to appeal and has demonstrated excusable neglect.  Her motion is granted for those reasons.

## **CONCLUSION**

Drinks-Bruder's motion for recusal, Docket Item 47, is DENIED, but her motion for an extension of time to appeal, Docket Item 42, is GRANTED.  Drinks-Bruder may file a notice of appeal of the April 25 order with the Clerk of the Court within 30 days of the date of this order.

SO ORDERED.

Dated:   January 25, 2024
         Buffalo, New York

                                          /s/ Lawrence J. Vilardo
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE