UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| SANJA DRINKS-BRUDER,<br>　　　　　　　　Plaintiff,<br>　v.<br><br>NIAGARA FALLS POLICE CLUB,<br>JAMES E. TUTTLE,<br>MICHAEL LEE,<br>STEVEN KERFOOT,<br>　　　　　　　　Defendants. | **DECISION**<br>**and**<br>**ORDER**<br><br>22-CV-268-LJV(F) |

_____

APPEARANCES:　　　SANJA DRINKS-BRUDER, *Pro Se*
　　　　　　　　　　　1032 97th Street
　　　　　　　　　　　Niagara Falls, New York  14304

　　　　　　　　　　　HOOVER & DURLAND LLP
　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　SPENCER L. DURLAND,
　　　　　　　　　　　TIMOTHY W. HOOVER, of Counsel
　　　　　　　　　　　561 Franklin Street
　　　　　　　　　　　Buffalo, New York 14202


In this Title VII action, Plaintiff, by papers filed December 26, 2024 (Dkt. 67), moves for an order disqualifying remaining Defendant Niagara Falls Police Club's attorneys.  Specifically, according to Plaintiff, because James B. Tuttle, Esq. ("Tuttle"), who was originally sued by Plaintiff in this action, and who has been since dismissed by Judge Vilardo with prejudice (*see* Decision and Order, Dkt. 31 at 14), previously represented Plaintiff in an administrative proceeding against Plaintiff pursuant to N.Y. Civil Service Law § 75 ("§ 75 proceeding"), and is now represented in this action by Hoover & Durland, LLP ("Hoover & Durland"), such subsequent representation requires Hoover & Durland be disqualified in order to protect Plaintiff's prior confidential

1

communications with Tuttle in connection with the § 75 proceeding.  *See* Dkt. 67 at 2-3.  In particular, Plaintiff alleges that disqualification is required because of Plaintiff's supposition that Tuttle has disclosed to Hoover & Durland information, prejudicial to Plaintiff in Plaintiff's Title VII claim against Defendant Niagara Falls Police Club in this action, received from Plaintiff in connection with Tuttle's prior representation of Plaintiff as Plaintiff's attorney assigned by Defendant Niagara Falls Police Club, Plaintiff's then union.  *Id.*  On December 30, 2024, Plaintiff filed an Amended Motion to Disqualify Opposing Counsel (Dkt. 68) ("Plaintiff's amended motion").  On January 28, 2025, Hoover and Durland filed a Memorandum In Opposition to Plaintiff's Motion to Disqualify (Dkt. 70); on February 10, 2025, Plaintiff filed Plaintiff's Reply Memorandum In Support of Motion to Disqualify Opposing Counsel (Dkt. 71).  Oral argument was deemed unnecessary.

      Plaintiff's motion is without merit for two reasons.  First, it is well-settled that an attorney may be subject to disqualification based on subsequent representation where the moving party is a former client of the adverse party's present counsel and there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issue in the present lawsuit.  *See Hempstead Video v. Incorporated Villate of Valley Stream*, 409 F.3d 127, 133 (2d Cir. 2005) (citing *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983)).  Here, Plaintiff asserts only that she was Tuttle's former client, not a client of Hoover & Durland which is representing Plaintiff's adverse party as the remaining Defendant in the present action on Plaintiff's remaining Title VII claim against the Niagara Falls Police Club.  In Judge Vilardo's Decision and Order, Judge Vilardo denied Defendant Niagara Falls Police Club's motion

to dismiss finding Plaintiff had adequately pleaded a Title VII retaliation claim. *See* Decision and Order (Dkt. 31) at 29-31. In addition, Plaintiff fails to provide any basis upon which it can be demonstrated that there is a substantial relationship between the subject matter of Plaintiff's prior proceeding pursuant to N.Y. Civil Service Law § 75 and Plaintiff's present Title VII claim based on Defendant's alleged retaliation by depriving Plaintiff of legal representation in connection with a different administrative proceeding pursuant to N.Y. Civil Service Law § 72. *See* (Dkt. 67 and 68) (*passim*). *See Hinterberger v. Cath. Health Sys., Inc.*, 2013 WL 2250591, at *6 (W.D.N.Y. May 21, 2013) (the burden is on the party seeking disqualification to show disqualification is warranted based on a prior relationship (citing *The Topps Company, Inc. v. Productors Stani Sociedad Anomina Industrial y Commercial,* 2001 WL 406193, at *1 (S.D.N.Y. Apr.20, 2001)). Second, it is also basic that under Rule 1.6(b)(5) of the N.Y. Rules of Professional Conduct, which apply to all lawyers who practice in this court, *see* Local R.Civ.P. 83.3(a), a lawyer is permitted to disclose confidential information necessary to defend against a former client's accusations of misconduct. *See* N.Y. Comp. Codes R. & Reg. tit. 22, § 1200.0 Rule 1.6(b)(5) (2022); *see Broidy v. Global Risk Advisors, LLC*, 2023 WL 5447267, at * 2 (S.D.N.Y. Aug. 24, 2023) ("The New York Rules of Professional Conduct Rule 1.6(b)(5) permits lawyers to disclose confidential information [pertaining to representation of former clients] necessary to defend against accusations of misconduct." (citing *First Fed. Sav. & Loan Ass'n of Pittsburgh v. Oppenheim, Appel, Dixon & Co.,* 110 F.R.D. 557, 566 n. 14 (S.D.N.Y. 1986))). Thus, even if Judge Vilardo had not determined, as he did, that Plaintiff's claim against Tuttle required dismissal, *see* Decision and Order (Dkt. 31) at 14, Tuttle would have been permitted to disclose

Plaintiff's confidential communications necessary to enable Hoover & Durland to effectively defend Tuttle in this action, and, for the same reason, there is no ground for disqualification of Hoover & Durland.  Here, it is apparent that Hoover & Durland neither represents Plaintiff in the present case nor have they represented Plaintiff in any past litigation, and Plaintiff does not provide any evidence otherwise.  *See* Hoover & Durland Memorandum of Law (Dkt. 70) at 7.  Thus, there is no merit to Plaintiff's assertion that disqualification of Hoover & Durland is required on account of any alleged representation of Tuttle by Hoover & Durland based on receiving such information from Tuttle, even assuming any such disclosure by Tuttle has occurred.

Finally, although Plaintiff asserts a concurrent representation ground for disqualification, such ground is also inapplicable as a concurrent representation also requires that the same attorney seeks to simultaneously represent one existing client in a matter adverse to another existing client.  *See GSI Commerce Solutions, Inc v. Babycenter, L.L.C.*, 618 F.3d 204, 209 (2d Cir. 2010).  As the record demonstrates, such concurrent representation is not present in the instant case.

## CONCLUSION

Based on the foregoing, Plaintiff's amended motion (Dkt. 68) is DENIED.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  April 1, 2025
       Buffalo, New York

Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court **not later than 14 days** after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).