UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SANJA DRINKS-BRUDER,

        Plaintiff,

    v.                                          22-CV-268-LJV-LGF
                                                              DECISION & ORDER

NIAGARA FALLS POLICE CLUB et al.,

        Defendants.

_____

On December 26, 2024, the pro se plaintiff, Sanja Drinks-Bruder, moved to disqualify counsel for the defendant, the Niagara Falls Police Club ("Police Club").[1] Docket Item 67. A few days later, she amended her motion. Docket Item 68. After the Police Club responded, Docket Item 70, and Drinks-Bruder replied, Docket Item 71, United States Magistrate Judge Leslie G. Foschio issued a decision and order denying the motion to disqualify, Docket Item 73. A month later, Drinks-Bruder objected, Docket Item 80, which this Court construes as an appeal of Judge Foschio's decision. For the reasons that follow, Judge Foschio's decision is affirmed.

## **LEGAL PRINCIPLES**

Motions to disqualify counsel are non-dispositive. *See Galloway v. County of Nassau*, 589 F. Supp. 3d 271, 277 (E.D.N.Y. 2022); *Weeks Marine, Inc. v. Raymond Int'l Builders, Inc.*, 174 F.R.D. 301, 303 (S.D.N.Y. 1997). "[A]ny appeal from a non-

---

[1] As discussed below, Drinks-Bruder filed this action against four defendants: the Police Club and three individuals associated with it. *See* Docket Item 1. But as explained in more detail below, only one defendant—the Police Club—remains. *See infra* note 2.

dispositive decision by a magistrate judge . . . is reviewed under a 'clearly erroneous or contrary to law' standard." *United States v. Williams*, 339 F. Supp. 3d 129, 132 (W.D.N.Y. 2018) (quoting 28 U.S.C. § 636(b)(1)(A)).  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 132-33 (quoting *United States v. Feneziani*, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007)).

## DISCUSSION

Drinks-Bruder is a former City of Niagara Falls police officer and a former member of the Police Club, which is the Niagara Falls police officers' union.  *See* Docket Item 1 at 2, 4-5, 22; Docket Item 31 at 2 (summarizing allegations); *see also Drinks-Bruder v. Niagara Falls Police Club*, 2023 WL 2043833, at *2 (W.D.N.Y. Feb. 16, 2023), *reconsideration denied*, 2023 WL 3069774 (W.D.N.Y. Apr. 25, 2023).  She worked for the police department from 1993 until her dismissal in 2022 following proceedings under New York Civil Service Law §§ 72 and 75.  *See Drinks-Bruder*, 2023 WL 2043833, at *2-5.

In addition to the Police Club, Drinks-Bruder named three individual defendants: James E. Tuttle, the Police Club's general counsel; Michael Lee, the former president of the Police Club; and Steven Kerfoot, who succeeded Lee as the Police Club president. *Id.* at *2 (citing Docket Item 1 at 5, 7).  Drinks-Bruder's claims against those defendants have been dismissed.[2]  But before the case against them was dismissed, Tuttle, Lee,

---

[2] On February 16, 2023, this Court granted in part and denied in part the defendants' motion to dismiss Drinks-Bruder's claims.  *Drinks-Bruder*, 2023 WL

2

and Kerfoot were represented by the same counsel that represents the Police Club: Hoover & Durland LLP ("Hoover & Durland").

Drinks-Bruder's motion to disqualify Hoover & Durland from representing the Police Club is based on the firm's prior representation of attorney Tuttle. More specifically, she says that Tuttle previously represented her in administrative proceedings under New York Civil Service Law §§ 72 and 75 when she was still a member of the Police Club. *See* Docket Item 67 at 1-2; Docket Item 68 at 1-2. As a result, she says, Tuttle "has privile[]ged client information and knowledge" about her that he "wrongly" passed along to Hoover & Durland. *See* Docket Item 67 at 1-3; Docket

---

2043833, at *17-18. More specifically, the Court held that Drinks-Bruder's Title VII retaliation claim against the Police Club based on the union's termination of her representation could proceed, but it dismissed several other claims and held that the remaining claims would be dismissed unless she filed an amended complaint within 45 days of the date of the order. *See id.* On May 8, 2023, Drinks-Bruder informed the Court that she had attempted to file an amended complaint but believed it had been lost in the mail. *See* Docket Item 38. This Court ordered that if she wished to amend her complaint, she could "move for leave to do so" and that any such motion "must be accompanied by a copy of the proposed amended complaint," as required by Local Rule of Civil Procedure 15(a). Docket Item 39. After Drinks-Bruder so moved, Docket Item 40, Judge Foschio denied her motion without prejudice to its renewal, Docket Item 48, and Drinks-Bruder then appealed that denial this Court, Docket Item 55. On September 5, 2024, this Court affirmed Judge Foschio's order, stating that Drinks-Bruder still could move for leave to amend her complaint by October 7, 2024. Docket Item 60. And it specifically instructed Drinks-Bruder that she "must attach to her motion a proposed amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure" and include all "facts giving rise to her claims." Docket Item 60 (bold omitted).

In response, Drinks-Bruder filed a four-page document titled "Amendment," arguing that the claims on which this Court initially gave her leave to amend are viable. *See* Docket Item 65. To the extent Drinks-Bruder intended this filing as a motion for leave to amend her complaint, the Court denies that motion due to her failure to comply with this Court's direction to attach a proposed amended complaint. *See* Docket Item 60. And because Drinks-Bruder's claims against Lee, Kerfoot, and Tuttle were dismissed under this Court's February 16, 2023, order when Drinks-Bruder did not timely amend her complaint, *see Drinks-Bruder*, 2023 WL 2043833, at *17-18, the Clerk of the Court shall terminate those defendants as parties to this action.

3

Item 68 at 3-4.  And because that knowledge is "adverse" to her interests, Drinks-Bruder argues that Hoover & Durland should be disqualified.  *See* Docket Item 67 at 3; Docket Item 68 at 5.

"To disqualify opposing counsel on conflict-of-interest grounds to protect the confidences of a former client, a movant must establish three elements."  *See O'Rear v. Diaz*, 2024 WL 3983363, at *5 (S.D.N.Y. Aug. 29, 2024).  More specifically, the party must show that: "(1) [she] is a former client of the attorney; (2) the attorney had access to, or was likely to have had access to, relevant privileged information in the course of the alleged prior representations; and (3) there is a substantial relationship between the subject matter of the (alleged) prior representation and the issues in the current action."  *Id.* (quoting *Ello v. Singh*, 2006 WL 2270871, at *3 (S.D.N.Y. Aug. 7, 2006)).

Because Drinks-Bruder says "only that she was Tuttle's former client, not a client of Hoover & Durland," Judge Foschio held that she necessarily failed to show even the first of those requirements.  *See* Docket Item 73 at 2.  And he held that she had not shown that the third requirement was met, either.  More specifically, he wrote, Drinks-Bruder "fail[ed] to [show that] there is a substantial relationship between the subject matter" of the proceedings in which Tuttle represented her and that of this action.  *See id.* at 3.

In addition—and separate from the analysis above—Judge Foschio held that "it is . . . basic that under Rule 1.6(b)(5) of the [New York] Rules of Professional Conduct, which apply to all lawyers who practice in this court, a lawyer is permitted to disclose confidential information necessary to defend against a former client's accusations of misconduct."  Docket Item 73 at 3 (citations omitted).  Thus, "even if" the claims against

4

Tuttle had not been dismissed, he "would have been permitted to disclose [Drinks-Bruder's] confidential communications [as] necessary to enable Hoover & Durland to effectively defend Tuttle in this action." *See id.* at 3-4. And so, on those grounds too, Judge Foschio concluded that "there is no ground [to] disqualif[y] Hoover & Durland." *See id.* at 4.

In her objections, Drinks-Bruder argues that Judge Foschio erred in holding that there is no "substantial relationship" between the subject matter of the proceedings in which Tuttle represented her and the subject matter of this case. *See* Docket Item 80 at 1-5. She also says that this Court need not follow precedent, although she does not identify what precedent she believes this Court need not follow, nor explain why it would not be required to follow it. *See id.* at 5. And she asserts in conclusory fashion that allowing Durland & Hoover to continue to represent the Police Club here would be "unfair." *See id.* at 6.

But Drinks-Bruder does not say that Judge Foschio erred in finding that she was never a client of Hoover & Durland. *See id.* at 1-8. Nor does she respond to Judge Foschio's holding that Tuttle would be permitted to disclose certain confidential information under Rule 1.6. *See id.* And so, even if Judge Foschio erred in determining that the proceedings were not related—a question this Court need not and does not reach—there still would be two independent bases for denying her motion to disqualify Hoover & Durland. Drinks-Bruder does not provide any reason why it was error to deny her motion on those grounds, and this Court can find none.

5

## **CONCLUSION**

Judge Foschio's decision and order, Docket Item 73, denying Drinks-Bruder's motion to disqualify opposing counsel, *see* Docket Items 67 and 68, is AFFIRMED. The case is referred back to Judge Foschio for further proceedings consistent with the referral order of May 1, 2023, Docket Item 36.

SO ORDERED.

Dated: August 25, 2025
        Buffalo, New York

                                       */s/ Lawrence J. Vilardo*
                                       LAWRENCE J. VILARDO
                                       UNITED STATES DISTRICT JUDGE